# IN THE UNITED STATES DISTRICT COURT

## FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| DWAYNE GRIFFIN, Inmate #N03392,   ) | |
|      ) | |
|      Plaintiff,   ) | |
|      ) | |
| vs.   ) | |
|      ) | |
| ROD R. BLAGOJEVICH, ROGER E.  ) | |
| WALKER, JR., TOM W. WEGER,  ) | |
| SHERRY BENTON, JUDY NASH, STEVE  ) | CIVIL NO. 06-318-DRH |
| CROMWIN, APRIL WAMPLER, RON  ) | |
| SCHON, C/O MICHL, C/O BUNTEN, B/O  ) | |
| CUTRIGHT, C/O PARKER, C/O  ) | |
| DECKER, C/O HANCE, C/O MYERS,  ) | |
| C/O DIRICE, and KATHLEEN  ) | |
| HIGHSMITH,  ) | |
|      ) | |
|      Defendants.   ) | |

## MEMORANDUM AND ORDER

**HERNDON, District Judge:**

Plaintiff, a former inmate in the Robinson Correctional Center, brings this action for deprivations of his constitutional rights pursuant to 42 U.S.C. § 1983. This case is now before the Court for a preliminary review of the complaint pursuant to 28 U.S.C. § 1915A, which provides:

> (a) **Screening.**– The court shall review, before docketing, if feasible or, in any event, as soon as practicable after docketing, a complaint in a civil action in which a prisoner seeks redress from a governmental entity or officer or employee of a governmental entity.
> (b) **Grounds for Dismissal.**– On review, the court shall identify cognizable claims or dismiss the complaint, or any portion of the complaint, if the complaint–
> > (1) is frivolous, malicious, or fails to state a claim on which relief may be granted; or
> > (2) seeks monetary relief from a defendant who is immune from such relief.

28 U.S.C. § 1915A. An action or claim is frivolous if "it lacks an arguable basis either in law or in

fact." *Neitzke v. Williams*, 490 U.S. 319, 325 (1989). Upon careful review of the complaint and any supporting exhibits, the Court finds it appropriate to exercise its authority under § 1915A; this action is legally frivolous and thus subject to summary dismissal.

### FACTUAL ALLEGATIONS

Plaintiff states that between February 18, 2005, and December 29, 2005, 13 pieces of legal correspondence were opened by Defendants and resealed prior to delivery to Plaintiff.

1) A letter from the clerk of the circuit court of Cook County, Illinois, postmarked February 22, 2005, was opened and resealed with staples and delivered to Plaintiff on February 25, 2005.

2) A letter from the clerk of the circuit court of Cook County, Illinois, postmarked March 1, 2005, was opened, resealed, and delivered by Defendant Decker on March 3, 2005.

3) A letter from the clerk of the circuit court of Cook County, Illinois, was opened and resealed by Defendant Decker on an unspecified date.

4) A letter from the clerk of the Illinois Supreme Court, postmarked October 22, 2005, was opened, resealed, and delivered by Defendant Hance on an unspecified date.

5) A letter from the clerk of the United States District Court for the Northern District of Illinois, postmarked November 30, 2005, was opened, resealed, and delivered by Defendant Hance on an unspecified date.

6) Two letters from the clerk of the United States District Court for the Northern District of Illinois, postmarked December 21, 2005, was opened, resealed, and delivered by Defendant Hance on December 28, 2005.

7) A letter from the clerk of the United States District Court for the Southern District of Illinois, postmarked December 16, 2005, was opened, resealed, and delivered by Defendant Rice on December 19, 2005.

8) A letter from clerk of the United States District Court for the Northern District of Illinois, was opened, resealed, and delivered by Defendant Hance on December 28, 2005.

9) A letter from the Illinois State Appellate Defender, was opened, resealed, and delivered to Plaintiff on March 23, 2005.

10)    A letter from "CWC Attorney at Law," was opened, resealed, and delivered to Plaintiff September 27, 2005.

11)    A letter from the Illinois State Appellate Defender, was opened and resealed in Plaintiff's presence by Defendant Michl on October 7, 2005.

12)    A letter from the Illinois State Appellate Defender, was opened and resealed in Plaintiff's presence by Defendant Cutright on October 25, 2005.

13)    A letter from the Illinois State Appellate Defender, was opened and resealed in Plaintiff's presence by Defendant Parker on December 29, 2005, and by Lt. Benge (not a defendant) on December 30, 2005.

Regarding letters 1 through 8, which were sent to Plaintiff by state and federal courts in Illinois, the Seventh Circuit has rejected challenges to a federal regulation restricting incoming mail from courts, reasoning that:

> with minute and irrelevant exceptions all correspondence from a court to a litigant is a public document, which prison personnel could if they want inspect in the court's files. It is therefore not apparent to us why it should be regarded as privileged and how [the plaintiff] could be hurt if the defendant read these documents before or after [the plaintiff] does.

*Martin v. Brewer*, 830 F.2d 76, 78 (7th Cir. 1987). This rationale is equally applicable to the Illinois Department of Corrections practice at issue in the instant case. Therefore, plaintiff's rights are not violated when official court mail is opened outside the presence of the inmate-recipient. *See Stone-El v. Fairman*, 785 F.Supp. 711, 715-16 (N.D. Ill. 1991) (applying the rationale of *Martin* to incoming mail from court clerks).

Regarding letters 9 through 13, four of which were from the Illinois Appellate Defender and one from a private attorney. Plaintiff states specifically that three of these letters were opened by Correctional Officers in his presence. It is unclear if the other two were opened outside of his presence.

Inmates have a First Amendment right both to send and receive mail, *Rowe v. Shake*,

- 3 -

> 196 F.3d 778, 782 (7th Cir. 1999), but that right does not preclude prison officials from examining mail to ensure that it does not contain contraband, *Wolff v. McDonnell*, 418 U.S. 539, 576, 94 S.Ct. 2963, 41 L.Ed.2d 935 (1974); *Rowe*, 196 F.3d at 782. An inmate's legal mail, however, is entitled to greater protections because of the potential for interference with his right of access to the courts. *Rowe*, 196 F.3d at 782. Thus, when a prison receives a letter for an inmate that is marked with an attorney's name and a warning that the letter is legal mail, officials potentially violate the inmate's rights if they open the letter outside of the inmate's presence. *See Wolff*, 418 U.S. at 577, 94 S.Ct. 2963; *Castillo v. Cook County Mail Room Dep't*, 990 F.2d 304, 305-06 (7th Cir.1993).

*Kaufman v. McCaughtry*, 419 F.3d 678, 685-86 (7th Cir. 2005). The Supreme Court has upheld as constitutional the censoring of "legal mail" by opening it in the inmate's presence. *See Wolff,* 418 U.S. at 576-577. Based on these legal standards, there is no constitutional violation in opening Plaintiff's legal mail in his presence.

That leaves only two letters from attorneys that may have been opened outside of Plaintiff's presence, resealed and given to him. With the allegations regarding these two letters, Plaintiff has failed to state a claim. "[T]he inadvertent or negligent opening of an occasional legal letter is not actionable. *See, e.g., Bryant v. Winston*, 750 F.Supp. 733 (E.D. Va. 1990). Furthermore, "isolated incidents of interference with legal mail" may not state a constitutional violation without a showing of "a systematic pattern or practice of interference," *see Bruscino v. Carlson*, 654 F.Supp. 609, 618 (S.D. Ill. 1987). Finally, Plaintiff has not made any showing that he was harmed in any way. Thus, no constitutional violation occurred.

In summary, Plaintiff's complaint does not survive review under § 1915A. Accordingly, this action is **DISMISSED** with prejudice and all pending motions are **DENIED as moot**. Plaintiff is advised that the dismissal of this action will count as one of his three allotted "strikes" under the provisions of 28 U.S.C. § 1915(g).

- 4 -

**IT IS SO ORDERED.**

**DATED:** January 3, 2007.

/s/   David   RHerndon
**DISTRICT JUDGE**